**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ASSICURAZIONI GENERALI S.p.A. as,**
**Subrogee of J.R. SIMPLOT COMPANY,**
**And J.R. SIMPLOT COMPANY,**

                                         **1:03-CV-0122**
                                         **(GLS/DRH)**

                    **Plaintiffs,**

        **v.**

**DISTRIBUTION UNLIMITED, INC.,**
**NORTHEASTERN INDUSTRIAL PARK,**
**INC., ADVANCE ENERGY TECHNOLOGIES,**
**INC., and ALTONE ELECTRIC, LLC,**

                    **Defendants.**
_____

**DISTRIBUTION UNLIMITED, INC., and**
**NORTHEASTERN INDUSTRIAL PARK,**
**INC.,**

                    **Third-Party Plaintiffs,**

        **v.**

**ADVANCE ENERGY TECHNOLOGIES, INC.,**
**and ALTONE ELECTRIC, LLC,**

                    **Third-Party Defendants.**
_____

**ADVANCE ENERGY TECHNOLOGIES, INC.,**

                    **Third-Party Plaintiff,**

        **v.**

**GREG KNAPP, Individually and d/b/a KNAPP ENTERPRISES,**

**Third-Party Defendant.**

_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

**Assicurazioni Generali S.p.A.
and J.R. Simplot Company**
PINO AND ASSOCIATES          RUDOLPH V. PINO, JR., ESQ.
Westchester Financial Plaza
50 Main Street, 7th Floor
White Plains, New York 10606

**FOR THE DEFENDANTS/THIRD-
PARTY PLAINTIFFS:**

**Distribution Unlimited, Inc.
and Northeastern Industrial
Park, Inc.**
TELL, CHASER LAW FIRM        KENNETH R. FEIT, ESQ.
320 Old Country Road
Garden City, New York 11530

**Advance Energy Technologies,
Inc.**
PENNOCK, BREEDLOVE           CARRIE MCLOUGHLIN NOLL, ESQ.
LAW FIRM
1407 Route 9, Ninth Floor
Building 4, 2nd Floor
Clifton Park, New York 12065

**FOR THE DEFENDANTS/THIRD-PARTY DEFENDANT:**

**Altone Electric, LLC**
GOLDBERG, SEGALLA LAW          JOHN P. FREEDENBERG, ESQ.
FIRM
665 Main Street, Suite 400
Buffalo, New York 14203

**FOR THE THIRD-PARTY DEFENDANT:**

**Greg Knapp, Individually and d/b/a Knapp Industries**
FRIEDMAN, HIRSCHEN LAW          JEFFREY N. MILLER, ESQ.
FIRM
131 State Street
Schenectady, New York 12301

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION & ORDER

### I. Introduction

This is a subrogation action brought by an insurer, Assicurazioni Generali (Assicurazioni), to recover property damages sustained by its insured, J.R. Simplot.  J.R. Simplot, a supplier of frozen potato products, sustained damage to its inventory when a fire broke out in Building Two of Northeastern Industrial Park.  Assicurazioni seeks a money judgment in the

3

amount of $2,074,326.13, together with interest and costs of this action.

At the December 15, 2005 motion return date, the court denied all but two of the motions with leave to renew. Presently before the court are two motions for summary judgment. Greg Knapp (Knapp) and Altone Electric, LLC (Altone) move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the court denies both motions.

## II. **Facts**

J.R. Simplot Company is a supplier/distributor of frozen potato products, including french fries, hash browns, and shoestring potatoes. *Assicurazioni SMF ¶ 3; Dkt. No. 110.* Pursuant to an agreement with Distribution Unlimited, Inc. (DUI), J.R. Simplot Company shipped its frozen potato products to the Northeastern Industrial Park where they were stored in freezer warehouses prior to distribution throughout the Northeast. *Id.*

In the early morning of May 4, 2002, a fire broke out in Building Two of Northeastern Industrial Park. As a result, J.R. Simplot's frozen potato products which were stored in bays One, Two, and Three were destroyed. *Assicurazioni SMF ¶ 6; Dkt. No. 110.* Defendant Advance Energy Technologies, Inc. (AET) designed, manufactured, and supplied the freezer walls and sliding freezer doors, specifically, subject Door No. 11, the door

4

which many of the parties' experts believe caused the fire. *Assicurazioni SMF ¶ 5; Dkt. No. 110.* Defendant Altone Electric, LLC (Altone) was the electrical contractor. Altone supplied power to a junction box in the wall and connected the AET supply cord into the junction box. *Altone SMF ¶* 13, *Dkt. No. 104.* Knapp installed the freezer doors and heat tape. *Knapp SMF ¶* 5, *Dkt. No. 103.*

The parties dispute where and how the fire originated. The dispute rests on all of the parties' expert opinions. Because the issue of liability is contingent upon what caused the fire, many triable issues of fact still exist, and summary judgment cannot be granted.

### III. <u>Discussion</u>

**A.   Motion for Summary Judgment Standard**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *accord F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994). It is well settled that on a motion for summary judgment, the court must

construe the evidence in the light most favorable to the nonmoving party. *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir. 1999).  The moving party has the burden of demonstrating that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir. 1999).  "A 'genuine' dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the nonmoving party."  *Dister v. Cont'l Group*, 859 F.2d 1108, 1114 (2d Cir. 1988) (citation omitted).

Moreover, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).  "While all reasonable ambiguities and inferences should be resolved against the moving party, those inferences must be supported by affirmative facts and must be based on relevant, admissible evidence."  *Gen. Accident Ins. Co. of Am. v. Merritt-Meridian Constr. Corp.*, 975 F. Supp. 511, 515 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 56(e)).  "As to materiality, the substantive law will identify which facts are material."  *Anderson*, 477 U.S. at 248.

**B.   Knapp's Motion for Summary Judgment**

Knapp contends that he is entitled to summary judgment as a matter

of law because none of the parties have alleged any negligence on his part.  More specifically, Knapp claims that none of the experts have opined that his negligent acts or omissions contributed to the cause of the fire.

Generally, New York law requires that a plaintiff in a negligence action establish that: "(1) the defendant owed it a cognizable duty of care; (2) the defendant breached such duty; and (3) the plaintiff suffered damages as a proximate result of this breach." *Solomon v. City of New York*, 66 N.Y.2d 1026 (1985).  It is undisputed that Knapp installed the freezer compartments, including the subject Door No. 11 and the heat tape surrounding the door.  Knapp contends that he installed the door in 1999, but Assicurazioni maintains that he installed the subject freezer door of Bay Three, in 2000, the year the fire occurred.  Furthermore, Knapp contends that he performed none of the electrical work.  However, both DUI/NE and Assicurazioni maintain that, in connecting the heat tape to the AET box mounted on the exterior of the doors, Knapp did install electrical connections.  Lastly, Knapp maintains that he did not commit any negligent act or ommission that caused or contributed to the fire.  However, Mr. Kilgore, DUI/NE's expert, stated in his supplemental report dated February 18, 2005, that "[t]his method of installation [of the doors] violates both the

7

National Electric Code (NFPA 70) and Underwriters Laboratories Standard (UL 471)."

Moreover, there is a question of fact regarding whether Knapp breached his duty to warn the circuit breaker installers that they should have installed a ground fault protective circuit breaker.  Assicurazioni's expert, Manning, and DUI/NE's expert, Kilgore, indicate that Knapp had a duty to warn, and he failed to do so.

Whether Knapp's role in the installation of the subject door, including the heat tape, caused or contributed to the fire is a question for the jury. On a motion for summary judgment, the court views the facts in the light most favorable to the non-movant.  Although the factual support in the record is not overwhelming, questions of fact nonetheless remain. Accordingly, Knapp's motion for summary judgment is **DENIED.**

## C.    Altone's Motion for Summary Judgment

Assicurazioni's single claim against Altone is based on a theory of negligence.  Altone maintains that Assicurazioni cannot make out a *prima facie* case of negligence against Altone, and thus, it is entitled to judgment as a matter of law.  The essence of Altone's argument is that since none of Assicurazioni's experts have held Altone responsible for the fire, no fault

8

can be attributed to Altone.  However, AET's expert, Schneiders, opines that the fire originated in the ceiling truss area and that the electrical cables were the only possible source of ignition.

Altone[1] seeks an evidentiary ruling, pursuant to the *Daubert* standard, that would preclude Schneiders' expert testimony at trial.  This request, more properly brought as a motion *in limine* before trial, is premature at this juncture.  Therefore, viewing the facts most favorable to the non-movant, the court finds that questions of fact exist with regard to Altone's liability.  Accordingly, Altone's motion for summary judgment is **DENIED.**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Knapp's motion for summary judgment is **DENIED**, and it is further

**ORDERED** that Altone's motion for summary judgment is **DENIED**, and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

_____

[1]DUI/NE concur in Altone's request to exclude Schneider's expert testimony.

9

December 22, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge